R. T. (RED) HENDERSON v. THE STATE.

No. 14715.    Delivered October 28, 1931.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

The sheriff of Motley county testified, in substance, that he went to appellant's house at 8:30 p. m. and waited outside near a window while a man by the name of Duncan went into the house and approached appellant; that appellant was lying on a bed near the window; that he (the witness) heard appellant and Duncan talking; that appellant said to his (appellant's) wife: "You know where it is. Go and get it for him"; that appellant's wife left the room and returned in a few minutes with something in a paper sack; that Duncan gave appellant some money, and appellant's wife delivered the paper sack to Duncan; that thereupon he (the witness) went into the house and asked Duncan what he had in the sack; that Duncan told him that he had candy in the sack; that appellant said: "That is whisky he brought here to sell me"; that he (the witness) took possession of the sack and found that it contained a quart

of whisky; that he found also one-half gallon of whisky under appellant's pillow. This witness testified that he did not know that Duncan was going to appellant's house for whisky, although he had seen Duncan at the courthouse prior to his visit to appellant's residence. The officer accompanying the sheriff testified that a conference he and the sheriff had had with Duncan led him to believe that Duncan would be at appellant's residence at the time he and the sheriff were to make the raid. It appears that Duncan was on parole from an insane asylum in Oklahoma. The state did not offer him as a witness.

Appellant testified, in substance, that Duncan had brought the whisky to his house earlier in the day, he having agreed to take a gallon of whisky in the event Duncan could find someone to sell it to him; that when Duncan brought the whisky to the house he gave Duncan six dollars for his part of the whisky and Duncan left his quart in the house, saying that he would come back later for it; that Duncan was leaving with the quart of whisky he had left there earlier in the day when the sheriff entered and made the arrest; that Duncan did not pay him any money, as testified to by the sheriff; that he did not possess the whisky found under his pillow for the purpose of sale. Appellant's wife and other witnesses corroborated appellant's version of the transaction.

Other than the question as to the sufficiency of the evidence, no matters are brought forward for review. The evidence presented an issue for the jury, who were the sole judges of the credibility of the witnesses and the weight to be given their testimony. We are unable to reach the conclusion that their finding should be disturbed.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.